UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SAMUEL K. WILLIS                                                        Civil No. 13-2059 (JNE/JSM)

        Petitioner,

v.                                                                                        REPORT AND RECOMMENDATION

UNITED STATES OF AMERICA

        Respondent.

JANIE S. MAYERON, U.S. Magistrate Judge.

This matter is before the undersigned United States Magistrate Judge on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241/Alleyne v. U.S. ("Petition") [Docket 1].  The matter has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.

## I.  FACTUAL BACKGROUND

In February 1995, a jury convicted Petitioner of (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(g); (2) being in possession of crack cocaine in violation of 21 U.S.C. § 844; and (3) using guns in connection with a drug offense in violation of 18 U.S.C. § 924(c).  April 27, 2009 Report and Recommendation, Civil No. 08-1683 (JMR/AJB) [Docket 13] ("R & R"), p. 2, Order adopting Report and Recommendation dated June 19, 2009, Civil No. 08-1683 (JMR/AJB) [Docket 18], Judgment affirming Order dated December 23, 2009, Civil No. 08-1683 (JMR/AJB) [Docket 27]; see also Petition, Ex. C.

At sentencing, United States District Court Judge Richard H. Kyle applied the United States Sentencing Guidelines that were in effect at that time. R & R, p. 2. In connection with his § 922(g) conviction, Judge Kyle found that Petitioner had at least three prior convictions for violent felonies or serious drug offenses, and sentenced Petitioner as an "Armed Career Criminal" under 18 U.S.C. § 924(e). Id. Based on a "total offense level" at 34, and a "criminal history category" of Category VI, Petitioner faced a range of 262 months to 327 months of imprisonment for his combined offense level and criminal history category, and was sentenced to 262 months. Id. Petitioner also received a concurrent sentence of 240 months for the cocaine possession conviction and a mandatory consecutive 60-month sentence for carrying a firearm in connection with a drug trafficking offense. Id. In total, Petitioner received a total prison sentence of 322 months (262 months plus 60 months). Id. Petitioner's conviction and sentence were affirmed by the Eighth Circuit on direct appeal. United States v. Willis, 89 F.3d 1371 (8th Cir.), cert. denied, 519 U.S. 909 (1996).

Petitioner challenged his conviction and sentences a number of times, including filing a motion for relief under 28 U.S.C. § 2255, which was denied in October 1997. See R & R, p. 3. The Eighth Circuit affirmed the trial court's denial of his motion. Willis v. United States, No. 98-1296 (8th Cir.), 2000 WL 84415 (unpublished opinion), cert. denied, 531 U.S. 885 (2000).

In 2007, Petitioner filed another motion to modify his sentence pursuant to recent changes to the Sentencing Guidelines under 18 U.S.C. § 3582(c)(2). Government's Response to Defendant's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 4] ("Gov't Response"), p. 3. Judge Kyle denied Petitioner's

motion on the grounds that the recent modifications were not effective retroactively. R & R, pp. 3–4 (citing United States v. Willis, 94-133 (RHK) [Docket No. 208], (D. Minn. Aug. 6, 2007), reported at 2007 WL 2264719.). The Eighth Circuit affirmed Judge Kyle's ruling. Id., p. 4 (reported at 89 F.3d 1371).

In June 2008, Petitioner filed a pro se petition in the District of Minnesota. Petition, p. 3. This petition, filed pursuant to 28 U.S.C. § 2241, was denied and dismissed it for lack of jurisdiction. June 19, 2009 Order Adopting R & R, Civil No. 08-1683 (JMR/AJB) [Docket 18]. On December 23, 2009, the Eighth Circuit Court of Appeals affirmed the judgment of the district court. Gov't Response, p. 4 (citing Docket No. 27).

On May 16, 2011, Petitioner requested authorization to file a successive § 2255 motion in light of the Supreme Court decision in Begay v. United States, 553 U. S. 137 (2008). Id., p. 4. The Eighth Circuit denied Petitioner's request. Willis v. United States, Appeal No. 11-2075 (8th Cir. Minn. 2011).

In the instant habeas petition, which Petitioner has brought pursuant to 28 U.S.C. § 2241, Petitioner argued that his classification as an "Armed Career Criminal" under of 18 U.S.C. § 924(e) is unconstitutional and should be vacated in light of Alleyne v. United States, 133 S.Ct. 2151 (2013). See Petition, pp. 3–9. Petitioner asked this Court to allow him to assert a claim under the savings clause set forth in 28 U.S.C. § 2255(e) and to apply Alleyne retroactively. Id.

In support of his Petition, Petitioner argued that under Alleyne and the Sixth Amendment to the United States Constitution, the court may not increase a sentence based on facts not found by the jury. Id., p. 6. Petitioner asserted that because the jury

3

was not instructed on the elements of 18 U.S.C. § 924(e)(1), which enhanced his sentence, the court did not have jurisdiction to sentence him above the 10-year sentence allowed under 18 U.S.C. § 924(a)(2). Id.

Petitioner contended that § 2255 cannot provide him relief because precedent prevented him from arguing in his earlier § 2255 habeas petition that the elements of § 924(e)(1) should have been submitted to the jury. Id. But now in light of Alleyne, § 2241 applies and should save his habeas petition from being dismissed under § 2255's exclusive remedy rule. Id., p. 9.

Petitioner did not specifically articulate the relief he seeks. However, based upon the arguments set forth in his Petition, the Court presumes that Petitioner is asking for a reduction or vacation of his sentence.

In opposition Respondent argued that this Court should dismiss the Petition because Alleyne does not apply to Petitioner as it is nothing more than an extension of Apprendi v. New Jersey, 120 S.Ct. 2348 (2000).[1] Gov't Response, p. 4. Apprendi, as well as the earlier decision of Almendarez-Torres v. United States, 118 S.Ct. 1229 (1998), held that prior convictions do not have to be proved to a jury for purpose of determining minimum sentences, and Alleyne did not change these decisions. Id., p. 4–5. Moreover, Alleyne is inapplicable because the Supreme Court did not hold that Alleyne was to be applied retroactively, as is required under 28 U.S.C. § 2255(h)(2) to allow a successive § 2255 petition. Id., p. 5.

In addition, Respondent argued that Petitioner cannot use § 2241 to challenge his sentence because Petitioner cannot establish that § 2255 is ineffective or

---

[1] Although Respondent cites, Apprendi v. United States in its brief, the Court understands that Respondent intends to cite to Apprendi v. New Jersey.

4

inadequate. Id., p. 5 (citing Perez v. Warden FMC, 286 F.3d 1059, 1061–63 (8th Cir. 2002); Moss v. Holinka, 2006 WL 1966756, *1–5 (D. Minn. 2006)).[2] In both cases, the courts rejected the petitioners' use of § 2241 to challenge their sentences under Apprendi because the Supreme Court had not made Apprendi retroactive, Gov't Response, p. 6. Specifically, the Eighth Circuit held that § 2255 is not ineffective or inadequate just because a new constitutional doctrine that could reduce a federal prisoner's existing sentence is not retroactive. Id., p. 6 (citing Perez, 286 F.3d at 1062). Respondent further argued that because Alleyne is an extension of Apprendi and the Supreme Court did not make its Alleyne holding retroactive, the reasoning of Perez and Moss applies. Id., pp. 6-7 (citations omitted).

Respondent also asserted that even if Petitioner could use § 2241, Alleyne does cannot help him because it does not change his sentence. Id., p. 7. Noting that Petitioner's prior convictions were only used in the sentencing of Count I (being a felon in possession of a firearm), for which he was sentenced to 262 months, Respondent argued that Alleyne does not affect Count I because it did not change the prior conviction exception of Apprendi. Id. (citing United States v. Hunt, No. 12-3523, 2013 WL 3746160, at *1 n. 2 (8th Cir. July 18, 2013); United States v. Wynn, No. 12–6319, 2013 WL 3941316, at *1 (6th Cir. July 31, 2013); United States v. Rivera, No. 12–2116, 2013 WL 3852725, at *3 n.3 (3rd Cir. July 26, 2013); United States v. Carrigan, -- F.3d --, 2013 WL 3778723, at *9, n. 4 (1st Cir. July 19, 2013); United States v. Wiggan, No. 12–2393–cr, 2013 WL 3766535, at *5, n.1 (2nd Cir. July 19, 2013); United States v.

---

[2] Respondent also cited three district court cases that have held that defendants cannot use § 2241 to attack their sentences under Alleyne. Gov't Response, pp. 6-7 (citing Williams v. United States, 2013 WL 3819676, *2 (S.D. Ill., July 23, 2013); Luney v. Quintana, 2013 WL 3779172, *2-3 (E.D. Ky., July 18, 2013); Carter v. Coakley, 2013 WL 3365139, *3-4 (N.D. Ohio, July 3, 2013)).

Croft, No. 12–4890, 2013 WL 3615944, at *1 (4th Cir. July 16, 2013)). Respondent further argued that Alleyne could not have any effect on the other counts of conviction. Id. Count II applied only to Petitioner's co-defendant, and Count III involved a charge of simple possession of crack cocaine, for which Petitioner received a 240-month sentence to be served concurrently with the 262 months sentenced in Count I. Id., pp. 7–8. Even if Alleyne were to apply to Count III, Respondent argued that the error is harmless because the sentence for Count III is shorter than the 262 months being served concurrently for Count I. Id., p. 8. As for Count IV, charging Petitioner with using guns in connection with a drug offense, Respondent maintained that Alleyne has no application because all elements for that count were listed in the indictment and submitted to the jury. Id.

In reply, Petitioner objected to Respondent's assertion that Petitioner was convicted under 18 U.S.C. § 924(e). Defendant's Reply to Government's Response to Defendant's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 5] ("Pet. Reply"), p. 1 (quoting Gov't Response, p. 1). Petitioner claimed that he was only charged and convicted in Count I with a violation of 18 U.S.C. § 922(g).

Next, Petitioner took issue with Respondent's classification of Alleyne as an extension of Apprendi. Id., p. 2. Petitioner contended that Alleyne was merely within the "logical compass" of Apprendi and stood on its own. Id. According to Petitioner, Alleyne represents a watershed rule of constitutional law on a par with In re Winship, 397 U.S. 358, 364 (1970), and Gideon v. Wainwright, 372 U.S. 33 (1962). Id.

Third, Petitioner disagreed with Respondent's position that Alleyne could not to be applied retroactively. Petitioner argued that because Respondent did not argue

6

Teague v. Lane, 489 U.S. 288 (1989) in its reply, this Court is not barred from applying Alleyne retroactively and may consider Petitioner's argument on the merits. Id., p. 5. Petitioner asserted that although Teague generally prevents courts from applying new rules retroactively on collateral review, precedent permits this Court to consider it if the state does not argue it. Id. Petitioner then submitted that retroactivity is in his favor because any reliance the federal government may have had on the previous rule was minimal and that the Petitioner's interest outweigh the reliance interests. Id., pp. 5–6.

Fourth, Petitioner contended that even though the Supreme Court did not explicitly declare Alleyne retroactive, it made it retroactive through multiple holdings. Id., p. 7 (citing Justice O'Connor's concurrence in Tyler v. Cain, 533 U.S. 656 (2001)). Petitioner argued that rule of Alleyne is of the same type as the rule of In Re Winship, 397 U.S. 358, 364 (1970) in that both cases touch upon a defendant's right to have a trial by an impartial jury. Id. Petitioner asserted that In Re Winship has been applied retroactively to habeas proceedings and that makes Alleyne retroactive based on O'Connor's concurrence in Tyler. Id., pp. 7-8.

Finally, Petitioner took issue with the Respondent's claim that the error was harmless because Petitioner's liberty interests were impacted by the "expansion of his mandatory minimum sentence without the requisite jury finding." Id., p. 9.

## II. ANALYSIS

### A. **Applicability of the Savings Clause**

Section 2255(e) provides:

> (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to

> the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Consequently, a federal inmate generally must assert a collateral challenge to a conviction or sentence through a § 2255 petition. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). Additionally, as a general rule, the federal inmate is precluded from bringing successive § 2255 petitions unless and petitioner's claim falls within two narrow exceptions permitted by § 2255(e). Tyler v. Cain, 533 U.S. 656, 661 (2001). Thus, the savings clause in § 2255(e) permits a petition under 28 U.S.C. § 2241 if the § 2255 remedy is "inadequate or ineffective" to test the legality of a conviction or a sentence. Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010). In order to establish that a remedy is "inadequate or ineffective" under § 2255, a petitioner cannot rely on that fact that there is a procedural barrier to bringing a § 2255 petition, such as a remedy being time-barred, and the petition cannot be based on the assertion that the claim was previously raised in a § 2255 motion and denied. See Abdullah, 392 F.3d at 959 (citations omitted); see also Hill v. Morrison, 349 F.3d 1089, 1091-92 (8th Cir. 2003); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted) (§ 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, ... or because petitioner has been denied permission to file a second or successive § 2255 motion ... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire."). Nor is § 2255 inadequate or ineffective "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963; see also Hill, 349 F.3d at 1092 (§ 2255 is not

an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

On the other hand, "[a] federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998); see also Matias v. Jett, Civil No. 12-63 (MJD/LIB), 2012 WL 983683, at *2 (D. Minn. Jan. 13, 2012) (same); Allowitz v. English, Civil No. 11-3680 (RHK/TNL), 2011 WL 7112655 at * 3 (D. Minn. Dec. 30, 2011) (same).

Here, Petitioner argues that his sentence is invalid. Therefore, he must use § 2255 unless he can show that § 2255 is inadequate or ineffective. Petitioner has the burden of showing that the remedy is either inadequate or ineffective to test the validity of his sentence. Hill, 349 F.3d at 1091.

Petitioner asks this Court to find that § 2255 is inadequate because he has already been heard on a § 2255 motion and his subsequent § 2255 motions have been denied. As discussed previously, a remedy is not inadequate or ineffective simply because a petitioner has been denied permission to file successive petitions. See Abdullah , 392 F.3d at 959. Consequently, Petitioner's primary argument is that § 2255 is inadequate because Alleyne was decided since his conviction and sentencing.

### B. Retroactivity and Applicability of Alleyne

The Court concludes that Petitioner has failed to establish that § 2255 is inadequate or ineffective, and therefore, § 2241 does not apply.

In <u>Alleyne</u>, the Supreme Court held that any "[f]acts that increase the mandatory minimum sentence" are elements that "must be submitted proved to the jury and found beyond a reasonable doubt." <u>Alleyne</u>, 133 S.Ct. at 2158. Nowhere in the decision did the Supreme Court state that its holding should be applied retroactively.

Section 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> \*\*\*
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner's true barrier is that the Supreme Court did not make <u>Alleyne</u> retroactive as required by § 2255(h). See <u>In re Payne</u>, 733 F.3d 1027, 1029–30 (10th Cir. 2013) (holding that <u>Alleyne</u> has not been 'made retroactive to cases on collateral review by the Supreme Court.' 28 U.S.C. § 2255(h)(2). The Supreme Court has concluded that 'made' means 'held' and thus, the requirement is satisfied only if th[e] Court has held that the new rule is retroactively applicable to cases on collateral review.' <u>Tyler v. Cain</u>, 533 U.S. 656, 662, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). The Court has not held that <u>Alleyne</u> applies retroactively to cases on collateral review."). Generally, new rules of criminal procedure are not retroactive on collateral review unless they fall within one of two narrow exceptions. <u>Teague</u>, 489 U.S. at 311–313 (explaining that the two exceptions to the general rule of non-retroactivity exist when the rule puts certain "primary, private individual conduct beyond the power of criminal law

10

making to proscribe" or when the rule is a "watershed rule[] of criminal procedure"). Petitioner maintains that the holding in Alleyne constitutes a watershed rule of criminal procedure that implicates "the fundamental fairness and accuracy of the criminal proceeding." Graham v. Collins, 506 U.S. 461, 478 (1993). To be a watershed rule, a rule must be more than fundamental in an abstract sense; it must be one "without which the likelihood of an accurate conviction is seriously diminished." Schriro v. Summerlin, 542 U.S. 348, 352 (2004) (quoting Teague, 489 U.S. at 311). This Court disagrees and finds, as have all other courts to consider the issue, that Alleyne is not a "watershed" rule; it is merely an extension of Apprendi.[3] See Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) ("Alleyne is an extension of Apprendi . . . . The Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be retroactive. . . . . But the decision is the Supreme Court's, not ours to make.") (citation omitted) (emphasis added); Aragon-Hernandez v. United States, No. 12-CV-2218 (SRN/AJB), 2014 WL 468266, at *3 (D. Minn. Feb. 6, 2014) (same); United States v. Popa, Crim. No. 07-210 (JRT), 2013 WL 5771149, at *3 (Oct. 24, 2013) ("Alleyne does not apply retroactively to Popa's challenge to his sentence on collateral review. New rules of criminal procedure generally do not apply retroactively unless they represent a 'watershed rule[ ] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. Alleyne is not a new 'watershed' decision but rather an extension of the Supreme Court's earlier decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).") (marks and citation omitted); see also In re Payne, 733 F.3d 1027, 1029-30 (10th Cir. 2013) (finding

---

[3] As stated earlier, Apprendi held that prior convictions do not have to be proved to a jury for purposes of determining mandatory minimum sentences. 120 S.Ct. at 2362.

11

that <u>Alleyne</u> is an extension of <u>Apprendi</u> and only Supreme Court can determine if a new rule is retroactively applicable to cases on collateral review); <u>Porter v. United States</u>, No. 3:10–CR–206–D–12, 2014 WL 803666, at *2 (N.D. Tex. Feb. 28 2014) ("The United States Court of Appeals for the Fifth Circuit has held that <u>Alleyne</u> did not establish a new rule to be applied retroactively on collateral review; thus, Petitioner cannot rely on it in this section 2255 action") (citing <u>In re Kemper</u>, 735 F.3d 211, 212 (5th Cir. 2013)); <u>Williams v. United States</u>, Civil No. 13–cv–00226–DRH, 2013 WL 3819676, at *2 (S.D. Ill. July 23, 2013) ("<u>Alleyne</u> was not made retroactive by the Supreme Court."); <u>Luney v. Quintana</u>, Civil Action No. 6:13–003–DCR, 2013 WL 3779172, *3 (E.D. Ky., July 18, 2013) ("there is no indication in either <u>O'Brien</u> or <u>Alleyne</u> that the Supreme Court made those holdings retroactive to cases on collateral review."); <u>Carter v. Coakley</u>, No. 4:13 CV 1270, 2013 WL 3365139, *3-4 (N.D. Ohio, July 3, 2013).

Additionally, Petitioner's argument that Respondent failed to invoke non-retroactivity is simply not correct. In its opposition, Respondent clearly argued that <u>Alleyne</u> was not made retroactive. <u>See</u> Gov't Response, p. 6.

Further, this Court rejects Petitioner's assertion that <u>Alleyne</u> was made retroactive through multiple holdings of the same type. To make this claim, Petitioner relies on the fact that <u>In Re Winship</u> was cited in the <u>Alleyne</u> holding. <u>See</u> <u>Alleyne</u>, 133 S.Ct. at 2156. Based on the concurring opinion by Justice O'Connor in <u>Tyler</u>, Petitioner asserted that the Supreme Court makes a rule retroactive through multiple holdings when those holdings logically "dictate the conclusion and not merely provide principles from which one may conclude that the rule applies retroactivity." 533 U.S. 656, 669 (2001) (O'Connor, J., concurring). Petitioner's reliance on the holding of <u>In Re Winship</u>

12

is misplaced. Both <u>In Re Winship</u> and <u>Alleyne</u> touch upon a defendant's right to a trial by jury. However, in <u>In Re Winship</u>, the Supreme Court said that the rules of due process require proof beyond a reasonable doubt during the adjudicatory proceeding stage of a juvenile delinquency proceeding. 397 U.S. at 365. On the other hand, <u>Alleyne</u> holds that a sentence may not be increased without proving facts to the jury. The cases are not so closely related to dictate retroactivity of <u>Alleyne</u>. Additionally, to hold that <u>In re Winship</u> dictates that <u>Alleyne</u> should be applied retroactively ignores <u>Apprendi</u>, which was not made retroactive on collateral review. See <u>Harris v. United States</u>, 536 U.S. 545, 581 (2002) ("No Court of Appeals, let alone this Court, has held that <u>Apprendi</u> has retroactive effect."). Therefore, <u>In Re Winship</u> cannot be relied upon to show that <u>Alleyne</u> should be retroactive on collateral review. But most importantly, this analysis by this Court is somewhat theoretical as only the United States Supreme Court and no lower court, including this Court, can declare <u>Alleyne</u> retroactive. See 28 U.S.C. § 2255(h); <u>Tyler</u>, 533 U.S. at 663 ("[U]nder [§ 2255(h)], the Supreme Court is the only entity that can 'ma[k]e' a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.").

For all of these reasons, this Court finds that <u>Alleyne</u> is not retroactive on collateral review. See <u>United States v. Hastings</u>, Crim. No. 11–25 (1) (RHK/FLN), 2014 WL 1584482, at *8 (D. Minn. April 21, 2014) ("<u>Alleyne</u> . . . has not been held to be retroactively applicable on collateral review.") (citations omitted).

Finally, even if the Supreme Court had declared <u>Alleyne</u> to be retroactive, it does not apply to Petitioner. In this case, Petitioner only disputed his sentencing based on

13

the trial court's finding, without submission to a jury, that he had three prior felony convictions, which resulted in him being classified as a career criminal under the Armed Criminal Career Act ("ACCA"). In Alleyne, the Supreme Court noted that it was leaving the rule of Almendarez-Torres intact, which found that a prior conviction does not constitute an element of a crime that must be presented to a jury under the Sixth Amendment, even though such convictions may increase the prescribed range of penalties to which a criminal defendant is exposed. Alleyne, 133 S.Ct. at 2160 n.1 ("In Almendarez-Torres . . ., we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today."). Indeed, the Eighth Circuit has held that "Alleyne left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury." United States v. Abrahamson, 731 F.3d 751, 752 (8th Cir. 2013) (per curiam) (citing Alleyne, 133 S.Ct. at 2160, n.1), cert. denied, 2014 WL 1124916 (Mar. 24, 2014). Therefore, the decision in Alleyne does not apply to Petitioner because it does not apply to prior convictions under the ACCA. See Hastings, 2014 WL 1584482, at *8 (citing United States v. Goodwin, 541 Fed. Appx. 851, 852 (10th Cir. 2013) ("Alleyne expressly left in place the preexisting rule that a judge may (as here) find the fact of a prior conviction")).

### III.  CONCLUSION

As Petitioner has correctly recognized, he cannot challenge the validity of his sentence in a § 2241 habeas corpus petition, unless he can show that the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" for his claims. However, this

14

Court has concluded that the remedy provided by § 2255 cannot be viewed as "inadequate or ineffective" for Petitioner's current claims, which means that those claims cannot be entertained in the present § 2241 habeas corpus proceeding. Therefore, the Court recommends that Petitioner's habeas corpus petition be denied, and that this action be dismissed for lack of jurisdiction.  See Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

IV.     **RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.      Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 / Alleyne v. U.S.  [Docket No. 1] be **DENIED**.

2.      Petitioner's habeas Petition be **DISMISSED WITH PREJUDICE**.

Dated:      June 9, 2014

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 23, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.